UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHARLES PUGH,
                Plaintiff

v.                                                     Civil Action No.
                                                       3:04CV201-J

JO ANNE B. BARNHART, Commissioner
 Social Security Administration,
                Defendant

**MEMORANDUM OPINION**

      This case presents plaintiff Charles Pugh's challenge to the decision of the Commissioner denying his claim to disability insurance benefits and supplemental security income payments. After examining the record as a whole and the arguments of the parties, the Court is of the opinion that the decision of the Commissioner should be affirmed.

      The disability determination process consists of five steps. <u>Wyatt v. Secretary</u>, 974 F.2d 680 (6th Cir. 1992). These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process:

      1. The claimant must not be engaged in substantial gainful activity.

      2. The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921.

      3. If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the

Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

 4. The claimant must be unable to do his or her past relevant work.

 5. If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990).

 Mr. Pugh filed his applications in October and November of 2001, alleging that he had been unable to engage in any substantial gainful employment since October of 2000. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Pugh had severe impairments that prevented him from performing his past relevant work, but that he retained the residual functional capacity to perform a significant range of light and sedentary work.

 If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

 Mr. Pugh argues that the ALJ failed to consider the impact of fatigue on the ability to work. The parties agree that the ALJ misread the March 20, 2002 laboratory report, and that it did state that the hepatitis C antibody was reactive (Tr. 127). Defendant contends, however, that

this was harmless error because the ALJ did consider the hepatitis C to be a severe impairment and considered its effect on Mr. Pugh's ability to work.  Mr. Pugh argues to the contrary that the ALJ disregarded the record references to extreme fatigue.

With respect to hepatitis C, the ALJ stated, "[Claimant] has not shown any significant findings related to that condition other than subjective fatigue," and that the condition did not meet the listing in Section 5.00 of Appendix 1 to Subpart P of the regulations.   The mere showing of hepatitis C reactivity is of little significance, given that many hepatitis C sufferers have no symptoms.  Thus, in order to demonstrate that this condition interferes with ability to do work related activities, Mr. Pugh needs to point to specific symptoms traceable to the condition. This he has not done.   He has not pointed to any medical record in which any physician has attributed any symptom to hepatitis.   Indeed, he conceded at the hearing that he did not know how the hepatitis affects him.

Significantly, despite this absence of linkage between a medical condition and impairment of functioning,  the ALJ identified hepatitis C as a severe condition, i.e., one that "limits the individual's ability to do basic work activities necessary for most jobs." 20 CFR Section 416.921.    The agency medical consultants opined that Mr. Pugh had no severe impairments at all, and the ALJ stated that he was giving Mr. Pugh "the benefit of any doubt" in finding severe impairments. Tr. 18.   It is apparent that the hepatitis was designated as "severe" solely due to the fact that Mr. Pugh complained of fatigue, which *can* be a symptom of hepatitis. It can also be a symptom of other conditions, and the medical records reflect that his complaints of fatigue prompted investigation into other possible causes, such as congestive heart failure, anemia, and chronic fatigue syndrome, all of which were ruled out.  Tr. 100, 105, 111.

3

Significantly, while several medical records note complaints of fatigue, not a single medical notation has linked the hepatitis C diagnosis with the complaints of fatigue.

Like pain, fatigue is a subjective symptom which the ALJ is not required to accept. Instead, the ALJ may consider the credibility of the claimant when determining disability. Jones v. Commissioner of Social Security, 336 F.3d 469 (6th Cir. 2003). The ALJ has the opportunity to observe the witness, and his credibility determinations must not be lightly disregarded. An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990).

In this case, the ALJ noted, "The claimant made a multitude of complaints at the hearing, but his allegations are not substantiated by his history of treatment or the objective findings." Tr. 18. The ALJ reasonably concluded that Mr. Pugh's complaints of fatigue fell into this "multitude of complaints." The ALJ observed that no doctor has noted any limitation of function at all. The record does not indicate that any physician has ever recommended any medication or other treatment for fatigue. Dr. Seward noted Mr. Pugh's complaint of fatigue, but reported that "he should be able to perform any clerical, light lifting or heavy lifting without difficulty." Tr. 113. .

The Court finds no error in the ALJ's analysis and concludes that substantial evidence supports the decision of the Commissioner. An order in conformity has this day entered.